IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY CRITTENDEN, *for JJC*,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | CIVIL ACTION NO. 1:10cv306 -WC |
| v.   ) | |
| ) | |
| MICHAEL J. ASTRUE,   ) | |
| Commissioner of Social Security,   ) | |
| ) | |
| Defendant.   ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Shirley Crittenden ("Plaintiff") applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* (2000), on behalf of her son, JJC, alleging he was disabled. Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (the Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #17); Def.'s Consent to Jurisdiction (Doc. #18).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.     STANDARD FOR CHILDHOOD DISABILITY

Under 42 U.S.C. § 1382c(a)(3)(C)(i), a person under the age of 18 is disabled (and hence entitled to disability benefits) if the person "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[2]  In determining whether a child is disabled, the Commissioner employs the following three-step sequential evaluation process. *See* 20 C.F.R. § 416.924 (2007).

>   (1) Is the person presently not engaged in substantial gainful activity?
>
>   (2) Is the person's impairment severe?
>
>   (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listing of Impairments"), and also meet the twelve-month duration requirement?[3]

If the answer to each of the three questions is "yes," then the child is entitled to benefits.

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] Part A of the Listing of Impairments applies to children and adults; Part B applies to children only.  In dealing with a child's case, the Commissioner looks first to Part B, then to Part A.  20 C.F.R. § 416.925(b); *Wilkinson v. Bowen*, 847 F.2d 660, 661 (11th Cir. 1987).

In order for a severe impairment to meet or equal one of the listed impairments, the impairment must "cause[] marked and severe functional limitations" for the child claimant. 20 C.F.R. § 416.911(b).

> A child's impairment is recognized as causing "marked and severe functional limitations" if those limitations meet[], medically equal[], or functionally equal[] the [L]istings. A child's limitations "meet" the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment. A child's limitations "medically equal" the limitations in the Listings if the child's limitations are at least of equal medical significance to those of a listed impairment.

*Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004) (internal quotations and citations omitted). Even if the child's impairment does not meet or medically equal a listing, it may still functionally equal a listing. In assessing functional equivalence, the ALJ considers the "degree to which the child's limitations interfere with the child's normal life activities. The C.F.R. specifies six major domains of life:

> (I) Acquiring and using information;
> (ii) Attending and completing tasks;
> (iii) Interacting and relating with others;
> (iv) Moving about and manipulating objects;
> (v) Caring for [one]self; and
> (vi) Health and physical well-being."

Id. at 1279. "The C.F.R. contains various 'benchmarks' that children should have achieved by certain ages in each of these life domains." *Id.* (citing 20 C.F.R. §§ 416.926a(g)-(l)). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if

3

as a result of the limitations stemming from that impairment the child has 'marked' limitations in two of the domains [above], or an 'extreme' limitation in one domain." Id. (citing 20 C.F.R. § 416.926a(d) and § 416.925(a)). A marked limitation is one that interferes seriously with the child's "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). An "extreme limitation" is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

### III.   SCOPE OF REVIEW

The standard of review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead, must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The Court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## IV.   ADMINISTRATIVE PROCEEDINGS

JJC was eleven years old at the time of the hearing before the ALJ. Tr. 15. Following the administrative hearing, the ALJ found the claimant had not engaged in substantial gainful activity at any time during the period under adjudication (Step 1). *Id*. The ALJ also found the claimant had two severe impairments under Step 2: asthma and attention deficit disorder. *Id*. Nonetheless, the ALJ concluded that JJC did not have an impairment or combination of impairments that met or equaled any listed impairment. Tr. 16-23. Consequently, the ALJ found the claimant was not disabled. Tr. 23.

## V.   PLAINTIFF'S CLAIMS

Plaintiff presents one issue for review: whether the Commissioner failed to take into consideration the entire case record. *See* Pl.'s Brief (Doc. #12) at 14.

## VI.   ANALYSIS

After the ALJ reviewed and denied Plaintiff's claim, Plaintiff requested review by the Appeals Council. There, Plaintiff submitted new evidence to the Appeals Council in support of her claim. "The Appeals Council has discretion not to review the ALJ's denial of benefits; however, the Appeals Council must consider new and material evidence in making its decision whether to review an ALJ's decision." *Sneed v. Barnhart*, 214 F. App'x 883, 885 (11th Cir. 2006) (citing *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998)). "The Appeals

Council must evaluate new and material evidence submitted to it if the evidence relates to the period on or before the date of the ALJ's hearing decision." *Id*. (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir.1994)).

The new materials submitted included the following: an affidavit from JJC's father (Exh. B17E); a patient chart from JJC's treating physician (Exh. B8F); a letter from JJC's treating physician (Exh. B9F); and a student evaluation report (Exh. B10F). The Appeals Counsel dealt with this new information in two ways. First, they stated that they considered the additional evidence and found that "this information does not provide a basis for changing the [ALJ's] decision." Tr. 1-2. Second, they stated that they had looked at the exhibits and determined that they concerned a later time and did not affect the decision about whether JJC was disabled beginning on or before December 23, 2008. *Id*.

Plaintiff contends that "it is quite obvious that the Appeals Council merely looked at the submitted date otherwise if they had reviewed the information they would have seen the information contained within the exhibit was in reference to time periods prior to December 23, 2009."[4] Pl.'s Brief (Doc. #12) at 13. Plaintiff goes on to state that the information contained within Exhibits B9F (the letter from the physician) and B10F (the student evaluation report) relate to the relevant time period and support a determination of disability. *Id*. at 13-14  Plaintiff makes no argument as to the other exhibits. Thus, the court deems any

---

[4] Plaintiff uses the date December 23, 2009 on several occasions in her brief. The court believes this to be a simple mistake, as the ALJ's decision was rendered on December 23, 2008, and takes it that Plaintiff means December 23, 2008.

argument based on those exhibits abandoned.[5]  The Commissioner argues that despite the conflicting statements, the Appeals Council accepted the evidence and made it a part of the record, *see* Tr. 5, and, in light of their statement that they had considered the evidence, there is no error.

The court finds the Commissioner's decision to be without error for two reasons. First, the letter from JJC's physician, Dr. Freeman, is dated January 26, 2009, and simply states that JJC is a patient with a diagnosis of Asthma, Allergic Rhinitis, and ADD without Hyperactivity.  Tr. 249.  It also lists his current medicines.  *Id*.  The letter contains no information about the relevant time period (prior to December 23, 2008).  Thus, the Appeals Council's determination as to the letter was correct.  Second, even if the letter, and the Student Evaluation Form (and the other exhibits for that matter), could be read to contain information about the relevant time period, the court does not find that the "new evidence renders the denial of benefits erroneous." *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

The new evidence contains essentially cumulative information that the ALJ considered when rendering his decision. In the decision, the ALJ discussed the fact that Dr. Freeman was providing JJC with ADD medication and found that JJC suffered from the severe impairments of asthma and ADD.  *See* Tr. 15. Similarly, the information in the Student

---

[5] *See Smith v. Allen*, 502 F.3d 1255, 1263 n.3 (11th Cir. 2007) (internal quotations and citations omitted) (holding that "issues not raised on appeal are considered abandoned").

Evaluation Form mirrored other information of record. The form stated that JJC was performing two years below grade level, which is what his 2008 form stated. The ALJ discussed this in his opinion, along with the other concerns stated in the 2009 form. *See* Tr. 19.

After considering the new information, the court agrees with the ALJ's determination that, although objective evidence supports Plaintiff's claims that JJC suffers from asthma and ADD, those impairments individually or in combination do not render JJC disabled. "Accordingly, even in the light of the additional evidence submitted to the [Appeals Council], substantial evidence supports the ALJ's decision" and this court will not disturb it. *Poellnitz v. Astrue*, 349 F. App'x 500, 503 (11th Cir. 2009).

### IV.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED for further proceedings consistent with this opinion. A separate judgment will issue.

DONE this 28th day of April, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE